Filed 4/30/14  P. v. Peterson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LOUIS FAUSTINO PETERSON,<br><br>    Defendant and Appellant. | A140185<br><br>(Sonoma County<br>Super. Ct. No. SCR-502529) |

Defendant pled no contest to a felony vandalism charge in violation of Penal Code section 594, subdivision (a).  Defendant also admitted a prior strike allegation.  He was sentenced to the low term of 16 months in state prison, doubled to 32 months per defendant's prior strike.

Postsentencing, defendant filed a pro. per. motion to correct presentence credits and a motion requesting pre-extradition time credits in the superior court.  The court denied these motions.

Defendant filed a timely notice of appeal, and appellate counsel was appointed to represent him.  Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which he raises no issue for appeal and asks this court for an independent review of the record.  (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124.)  Counsel attests that defendant was advised of his right to file a supplemental brief.  We have received no such brief.

We have examined the entire record in accordance with *Wende*.  We conclude that no arguable issue exists on appeal and affirm.

1

### Procedural and Factual Background

In a complaint filed December 20, 2006, the Sonoma County District Attorney's Office alleged that on November 24, 2006, defendant committed first degree residential burglary (Pen. Code[1] § 459, count 1). The complaint also alleged a prior conviction or juvenile adjudication for a serious or violent felony (§§ 667.5, subd. (c), 1192.7, subd. (c)) within the meaning of the Three Strikes law (§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

On December 20, 2012, following defendant's extradition from Utah, the trial court arraigned defendant on the complaint.

On March 29, 2013, pursuant to a negotiated disposition, the prosecution amended the complaint to allege felony vandalism. Defendant pled guilty to count 2 and admitted the prior strike allegation, and the court dismissed count 1.

According to an incident report filed in support of an application for defendant's arrest, on November, 24, 2006, the owner of a home on Wikiup Bridge Way in Santa Rosa informed Sonoma County Sheriff's Department Deputy Tom McNeil that he had discovered defendant and a woman inside his home. Defendant identified himself as the homeowner's cousin. The homeowner had not seen defendant for 15 years, had not recognized him, and had not given him permission to enter the residence. Defendant and his companion had fled the scene.

Deputy McNeil found that the front door may have been forced open, that numerous items had been removed from boxes and thrown on the floor, and that persons had cooked food in the home. The homeowner subsequently reported that two collectible knives and a snowboard had been taken from the home, with a total value of $750.

### Disposition

Defendant was at all times represented by competent counsel who ably protected his rights and interests. We find no indication in the record counsel provided ineffective assistance. There was no error in the sentencing process or the sentence. The court has

---

[1] Unspecified references are to the Penal Code.

reviewed the entire record in accordance with *Wende*, and finds no arguable issues requiring further briefing.

Accordingly, the judgment is affirmed.

_____
Becton, J.*

We concur:

_____
Margulies, Acting P.J.

_____
Dondero, J.

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3